Argued January 10, affirmed March 23, 1973

# MURLEY, *Appellant,* v. NORTHWESTERN PACIFIC INDEMNITY COMPANY, *Respondent.*

507 P2d 1145

. *William H. Poole,* Portland, argued the cause for appellant. With him on the briefs were Carol Hewitt and Lindsay, Nahstoll, Hart, Duncan, Dafoe & Krause, Portland.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the brief were Kenneth E. Roberts and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

O'CONNELL, C.J.

This is an action at law to recover $490,000 under an insurance policy issued by defendant to plaintiff's employer, the city of Tigard. Defendant answered, asserting the defense of reformation, and the trial then proceeded on the equity side of the court on the issue of reformation. This is an appeal by plaintiff from a judgment ordering reformation of the policy and dismissing plaintiff's complaint.[1]

---

[1] The ruling should have been captioned "decree", as the case was tried and decided upon the equitable defense. ORS 16.460(2).

On November 5, 1968, defendant issued to the city of Tigard a three-year Comprehensive General Liability Insurance and Comprehensive Automobile Liability Insurance policy with a single limit endorsement for coverage in the amount of $500,000. The policy as issued did not have an uninsured motorist endorsement attached to it,[2] but a premium for such coverage was specified in the policy.

On April 19, 1969 plaintiff while in the course of his employment for the city of Tigard was struck and seriously injured by an uninsured motorist, and on November 16, 1970 plaintiff recovered a judgment against the driver for $542,213.50. Plaintiff then made a claim against defendant under the policy for $500,000. Defendant acknowledged liability to the extent of $10,000 and paid this amount pursuant to an agreement that neither party's rights would be prejudiced by the payment. On November 25, 1970, plaintiff filed the complaint in this action in which he prays for recovery of $500,000 less the $10,000 received from defendant.

Defendant's equitable defense pleaded the above

---

[2] Uninsured motorist coverage is required in automobile liability policies issued in Oregon. ORS 743.789 provides:

"Every motor vehicle liability policy insuring against loss suffered by any natural person resulting from liability imposed by law for bodily injury or death arising out of the ownership, maintenance or use of a motor vehicle shall provide uninsured motorist coverage therein or by indorsement thereon when such policy is either:

"(1) Issued for delivery in this state; or

"(2) Issued or delivered by an insurer doing business in this state with respect to any motor vehicle then principally used or principally garaged in this state."

ORS 743.786(1) defines uninsured motorist coverage as being not less than amounts prescribed in chapter 486, and ORS 486.011 (7) lists these amounts as $10,000 for each person, $20,000 aggregate, and $5,000 for property damage.

facts and averred that through mutual mistake an un-
insured motorist endorsement with coverage of $10,000
for each person and $20,000 aggregate was omitted
from the policy in question. Evidence adduced at trial
showed that 10/20 uninsured motorist coverage was
requested in an invitation to bid issued by the city of
Tigard, and that defendant submitted an insurance
broker's quotation including coverage for 10/20 unin-
sured motorist coverage. The broker submitted to the
city administrator defendant's proposal based upon the
quotation. The city administrator executed a memoran-
dum to the city council summarizing the various re-
sponses to the invitation to bid, including defendant's.
The memorandum indicated 10/20 uninsured motorist
coverage.

The trial court found that there was clear and
convincing evidence that defendant and the city of
Tigard bargained for and agreed upon uninsured mo-
torist coverage, and that the omission of the uninsured
motorist endorsement was an oversight on the part of
defendant. The policy was judicially reformed to in-
clude the omitted endorsement and judgment was
entered in favor of defendant.

■ In his first assignment of error plaintiff con-
tends that an equitable "counterclaim" for reformation
may not be pleaded in an action at law because it seeks
affirmative relief and that only purely defensive mat-
ters may be pleaded as an equitable defense to an
action at law. Although defendant's fifth affirmative
defense was initially designated a counterclaim, that
label was stricken by defendant upon plaintiff's objec-
tion and defendant assured the court that its plea con-
stituted a purely defensive matter. The law is clear
that where reformation is material to the defense of

an action at law, requiring the interposition of a court of equity, defendant may set that matter up by his answer.[9]

■ Plaintiff also asserts that reformation was improper because the city of Tigard was not a party to the suit. But after this action commenced, defendant's representatives delivered to the city of Tigard an amendatory uninsured motorist endorsement embodying 10/20 coverage and dated retroactively to November 5, 1968. The city administrator, Stephen Telfer, signed that endorsement and testified at trial that it was his intention in negotiating the policy for the city to include such coverage. Upon the basis of these additional facts, it could be said that there was no need for reformation because the policy was amended by oral agreement.[10] But viewing the case as one of reformation, we nevertheless would hold that under the circumstances the city of Tigard was not a necessary party to the reformation of the policy. The city's interest in this litigation was effectively stipulated through its agreement to amend the policy and no purpose would be served by requiring the city to be made a party to the action.

■ In his second assignment of error plaintiff contends that his rights as a beneficiary under the policy became vested at the time of his injury, and that they cannot be affected by a subsequent judicial reformation of the policy. Of course plaintiff has certain rights under the policy which may be regarded as having vested in him at the time of the accident. The question,

---

[9] Manning Lumber Co. v. Voget, 188 Or 486, 216 P2d 674 (1950).

[10] Cf., Frontier Ins. v. Hartford Fire Ins., 262 Or 470, 499 P2d 1302 (1972).

however, is whether the right which vested in him was the right to the $500,000 single limit liability coverage or to $10,000 uninsured motorist coverage which the evidence shows to have been agreed to by the parties to the policy. We are unable to see any basis for arguing that in spite of the intention of the parties to the insurance contract plaintiff should be entitled to convert a single limit liability coverage into uninsured motorist coverage by virtue of an inadvertent failure to attach the uninsured motorist endorsement to the policy.

Plaintiff's other contentions are without merit. The judgment of the trial court is affirmed.