[No. 613-3. Division Three. August 23, 1973.]

LEE SEMON, JR., *et al.*, *Respondents*, v. JOHN GAMINO *et al.*,
*Defendants*, UNITED PACIFIC INSURANCE COMPANY,
*Appellant.*

*Thomas B. Grahn* and *Halverson, Applegate, McDonald, Bond, Grahn, Wiehl & Almon,* for appellant.

*John S. Moore* and *Velikanje, Moore, Countryman & Shore,* for respondents.

McInturff, J.—This is an appeal on an agreed statement of facts from an order of summary declaratory judgment entered in favor of plaintiffs.

On April 8, 1966 Elijio Gomez, pursuant to a written lease, leased a 1953 Fruehauf trailer to John Gamino. The lease was for a term of 30 days with a stated principal purpose of enabling Gamino to haul junk from Yakima to Tacoma. On April 10, 1966 Salvadore Manjarrez, an employee of Gamino, driving a truck-tractor owned by Gomez, and pulling the leased trailer which has been loaded with flattened car bodies, was headed northerly on Highway 97 from Yakima toward Ellensburg, destined for Tacoma. At that time Mr. and Mrs. Semon were proceeding southerly toward Yakima, when a collision occurred because a flattened car body fell off the trailer, striking the Semon vehicle.

After an action for damages was commenced by plaintiffs, the lessor Gomez moved for a summary judgment, contending his insurance policy on the leased trailer did not cover the lessee Gamino and his employee Manjarrez. United Pacific Insurance Company, Gomez' insurer, intervened and joined Gomez in his motion for summary judgment. Plaintiffs in turn moved for a summary judgment. The court granted plaintiffs' motion, denied that of Gomez and United Pacific, and determined that the Gomez insurance policy afforded coverage to Gamino and Manjarrez with respect to plaintiffs' claim. United Pacific appeals.

The primary issue concerns: Whether use of a trailer under a lease is a use considered to be "with permission" of the named insured under the omnibus clause of an insur-

ance policy. We answer in the affirmative. The omnibus clause of the policy issued to Gomez affords coverage to

> any person while using an owned automobile or a hired automobile, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured *or with his permission,* and within the scope of such permission.

(Italics ours.)

United Pacific urges that the term "permission" implies a right to refuse and does not extend to relationships in which the donor of the permission does not have the power to terminate the license. The insurer further argues that a written lease is not the type of permission covered by the omnibus clause.

■ ■ The interpretation of the word "permission" as used in the omnibus clause is one of first impression in this state. Before discussing the particular provisions of the policy and reviewing cases from other jurisdictions, we reiterate some of the basic maxims applicable in construing contracts of insurance. In *Selective Logging Co. v. General Cas. Co. of America,* 49 Wn.2d 347, 301 P.2d 535 (1956), the Supreme Court stated at page 351:

> It is the established rule in this state that, where a provision of a policy of insurance is capable of two meanings, or is fairly susceptible of two different constructions, that meaning and construction most favorable to the insured must be applied, even though the insurer may have intended another meaning.

Further, as noted in *Thompson v. Ezzell,* 61 Wn.2d 685, 688, 379 P.2d 983 (1963):

> It is equally well established that the language of insurance policies should be interpreted in accordance with its ordinary meaning rather than in a technical sense, unless it is clear that the parties to the contract intended that the language have a technical meaning.

The language of an insurance contract should be interpreted in accordance with the way it would be understood by the average man purchasing insurance. *See Myers v.*

*Kitsap Physicians Serv.*, 78 Wn.2d 286, 474 P.2d 109 (1970), *Glen Falls Ins. Co. v. Vietzke*, 82 Wn.2d 122, 508 P.2d 608 (1973).

Under the omnibus clause, coverage is afforded "provided the actual use of the automobile is by the named insured or with his permission and within the scope of such permission." Relying on *Beatty v. Western Pac. Ins. Co.*, 74 Wn.2d 530, 445 P.2d 325 (1968), defendant urges that, since the trailer was leased to another, Gomez did not and could not give any permission to Gamino or Manjarrez because he himself had no right to possession. The *Beatty* case, however, is distinguishable. There, the insured had given possession of the automobile to a vendee who used the automobile by virtue of incidents of ownership flowing from the sale agreement. Here, the trailer was leased to Gamino, and by virtue thereof Gamino had the owner's permission to operate the trailer.

■ The lease was for a period of 30 days only; and it recites:

> The aforesaid trailer is being leased primarily for the transportation of junk from Yakima to Tacoma or such other cities as directed from time to time by lessee. Lessee agrees to pay lessor as rental for the trailer $75.00.

By the terms of the agreement the lessor knew what lessee was going to be doing and, by signing the lease, he gave his written permission to do so.

The rationale for holding that a conditional sales vendor cannot grant permission under the standard omnibus clause does not apply. The conditional vendor no longer owns an interest in the vehicle which will enable him to give or withhold his consent to the use of the vehicle by the vendee and he has no dominion over the vendee's possession and use of the vehicle. Under the lease in the instant case, however, dominion was retained by the lessor to the extent that possession would be returned to him in 30 days because he still owned the vehicle. Further, the lease recites that the lessor knew of the lessee's intended use of the vehicle and consented to that use by signing the lease.

In *Royal Indem. Co. v. Markley,* 116 Colo. 84, 178 P.2d 672 (1947), the Colorado court specifically held that a leased vehicle came within the omnibus clause as being used with the permission of the insured. Many other jurisdictions have taken the same position regarding leased vehicles. *See General Mut. Ins. Co. v. Sun Ins. Co.,* 24 App. Div. 2d 135, 264 N.Y.S.2d 716 (1965); *Allstate Ins. Co. v. American Cas. Co.,* 200 So.2d 587 (Fla. Dist. Ct. App. 1967); *Lamb-Weston, Inc. v. Oregon Auto. Ins. Co.,* 219 Ore. 110, 341 P.2d 110, 76 A.L.R.2d 485 (1959); *American Fid. & Cas. Co. v. United States Fid. & Guar. Co.,* 305 F.2d 633 (5th Cir. 1962). We are of the opinion that, under the facts of the instant case, to interpret the word "permission" in the narrow sense urged by the insurance company to mean "terminable at will" would be to disregard the established rules of interpreting contracts of insurance. We find the policy afforded coverage to Gamino and Manjarrez under its omnibus clause.

■ United Pacific's next contention concerns the truckmen's endorsement clause of the insurance policy which specifically excludes coverage "(a) to any person or organization or to any agent or employee thereof engaged in the business of transporting property by automobile for the named insured or for others." Appellant urges that the phrase "or for others" does not mean "or for other third parties," but rather, means "or for others than the named insured."

By its argument, appellant attempts to create an ambiguity in its own policy. As noted earlier, exclusionary clauses are construed against the insurer, and ambiguities are construed most favorably to the insured. In the instant case, if United Pacific desired the exclusion to be read "or for others than the named insured" it need only to have so drafted that clause.

We believe the trial court properly ruled the phrase "for the named insured or for others" means "or for other third parties" rather than "for others than the named insured." If the term "for others" was intended by the insurer to

include the permissive user (lessee, etc.) the term becomes ambiguous because the term "for others" is reasonably open to an interpretation placing the permissive user outside the scope of the exclusionary term "for others." When this exclusionary term is considered in conjunction with the omnibus clause of the policy, the exclusionary term "for others" becomes even more ambiguous because acceptance of the insurer's contention would render the broad coverage of any person using the automobile with the permission of the named insured meaningless. The ambiguities present in the truckmen's exclusionary provision bring the case within the ambit of the rule noted earlier, *i.e.*, ambiguities contained in insurance policies are construed in favor of the insured.

Under the facts of the instant case, Gomez leased the trailer to Gamino with the knowledge that Gamino would be using the trailer to transport flattened automobile bodies for himself. The property was being transported neither for Gomez, the named insured, nor for other third parties and, therefore, the truckmen's exclusion is necessarily inapplicable.

Judgment of the trial court is affirmed.

GREEN, C.J., and MUNSON, J., concur.