[No. 11318–6–I.  Division One.  May 29, 1984.]

MISSION INSURANCE COMPANY, *Appellant,* v. GUARANTEE INSURANCE COMPANY, *Respondent.*

*Tewell, Thorpe & Findlay, Inc., P.S.,* and *David A. Shaw,* for appellant.

*Lee, Smart, Cook & Martin, Henry E. Lippeck,* and *David L. Martin,* for respondent.

CORBETT, J.—Appellant Mission Insurance Company (Mission) appeals the summary judgment in favor of respondent Guarantee Insurance Company (Guarantee). Mission had issued a comprehensive general liability policy to Avon Transport Company (Avon). Guarantee had issued a similar policy to H & D Transportation, Inc. (H & D). The trial court found that the H & D driver involved in an accident was covered under the Mission policy, and in the summary judgment ordered Mission to contribute to the settlement reached by Guarantee. Mission assigns error to the finding of coverage, and both parties assign error to the method of apportionment. We affirm.

In July 1980, Avon leased a truck tractor to H & D.[1] In December 1980, the tractor was involved in an accident. Clifton N. Brackeen (Brackeen), an employee of H & D, was the driver. He was using the tractor on an authorized route in the course of his employment and was hauling a trailer owned by H & D. The accident caused the death of Jack O. Hale, whose estate made claims against H & D and Brackeen. Guarantee, as H & D's insurer, settled the claims and then sought contribution from Mission.

Mission brought this action in June 1981, seeking a declaration that there was no coverage available for the Hale claim. Guarantee answered that the H & D driver, Brackeen, was an insured under the Mission policy. Mission sought reformation of its policy asserting that it was the intent of the parties that the H & D driver was not an insured.[2]

---

[1] Each of the briefs refers to the agreement as a lease.

[2] The Mission policy provided in relevant part:
II. PERSONS INSURED
Each of the following is an insured under this insurance to the extent set forth below:
* * *
(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury

■ Relying on *Beatty v. Western Pac. Ins. Co.,* 74 Wn.2d 530, 445 P.2d 325 (1968) Mission first contends that the driver is not covered under section II(c), the omnibus clause, on the ground that he did not use the vehicle with the "permission" of Avon. Possession and use of a vehicle pursuant to a conditional sales agreement does not constitute use with permission within the meaning of an omnibus clause. *Beatty v. Western Pac. Ins. Co., supra* at 540. However, the use of a vehicle pursuant to a lease does constitute permission within the meaning of an omnibus clause. *Semon v. Gamino,* 9 Wn. App. 590, 593–94, 513 P.2d 565 (1973). The driver is covered under the omnibus clause of the Mission policy.

■ Mission concedes that under a strict reading of the policy, the driver does not fall within exclusion (iv)(i) because he was operating the owned vehicle but was not the owner of the trailer. Mission contends, however, that neither Avon nor Mission intended the policy to cover employees of those to whom Avon leased its vehicles and that it is therefore entitled to have the policy reformed to reflect the true intent of the parties. We conclude that reformation is not appropriate. Although a few courts have allowed reformation of an insurance contract after a claim has been filed, this remedy is extraordinary and is generally denied if reformation would result in denial of coverage. 6B J. Appleman, *Insurance* § 4258, at 64 (rev. ed. 1979). The rules regarding the construction of insurance contracts are

---

or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:
(1) a lessee or borrower of the automobile, or
(2) an employee of the named insured or of such lessee or borrower;
    * * *
None of the following is an insured:
* * *
    (iv) any person or organization, other than the named insured, with respect to:
        (1) a motor vehicle while used with any trailer owned or hired by such person or organization and not covered by like insurance in the company . . .

basically the same as those governing other contracts. *McDonald Indus., Inc. v. Rollins Leasing Corp.*, 95 Wn.2d 909, 912 n.2, 631 P.2d 947 (1981). Thus, an insurer, as draftsman, is primarily responsible for defining the scope of coverage. Here, Mission seeks to modify the omnibus clause because it now realizes that the language used provides broader coverage than that which it subjectively intended. Reformation will not be granted where the mistake relates to the legal effect of the clause, as distinguished from a mere clerical error within the clause. 6B J. Appleman § 4256, at 51; 17 R. Couch, *Insurance* §§ 66:38–:39 (2d rev. ed. 1983).

Moreover, unlike other types of contracts, insurance policies must be interpreted in light of important public policy and statutory considerations. *Tibbs v. Johnson,* 30 Wn. App. 107, 110, 632 P.2d 904 (1981). By statute, a motor vehicle liability policy must contain an omnibus clause, RCW 46.29.490(2)(b), and the liability of the insurer becomes absolute when injury or damage covered by the policy occurs. RCW 46.29.490(6)(a); *Tibbs v. Johnson, supra* at 111. The form of an automobile policy must be filed with and approved by the insurance commissioner. RCW 48.18.100. Therefore, the omnibus clause cannot be modified simply by agreement of the insurance carrier and the named insured. Public policy will not permit Mission to modify the omnibus clause after the occurrence fixed liability.

The cases relied upon by Mission, in which reformation was permitted after an occurrence, are distinguishable. In *Murley v. Northwestern Pac. Indem. Co.,* 265 Or. 49, 507 P.2d 1145, 1147 (1973) and *Truck Ins. Exch. v. Wilshire Ins. Co.,* 8 Cal. App. 3d 553, 87 Cal. Rptr. 604, 608 (1970), the court permitted reformation after finding that the parties had specifically bargained for and agreed upon the omitted endorsements. In the earlier case of *Utica Mut. Ins. Co. v. Monarch Ins. Co.,* 250 Cal. App. 2d 538, 58 Cal. Rptr. 639, 642 (1967), the court also permitted reformation to modify the effective date of the policy, where the parties

had specifically bargained for it. In the instant case, Mission does not assert any bargaining or special agreement concerning the questioned provision, or any adjustment in the premium for the proposed exclusion. The trial court did not err by denying reformation.

Mission next contends that the affidavit of the attorney for Guarantee did not set forth facts sufficient to support a summary judgment. Essentially, the affidavit stated:

1. The affiant is counsel for Guarantee;
2. The estate of Hale presented claims against Brackeen;
3. The claims were settled for $290,688 plus attorney's fees and investigation costs;
4. The settlement was reasonable.

As the moving party, Guarantee had the burden to show that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. CR 56(c); *Lamon v. McDonnell Douglas Corp.*, 91 Wn.2d 345, 349, 588 P.2d 1346 (1979). All reasonable inferences from the evidence must be resolved against Guarantee. The affidavit does not state that the settlement released all claims against Brackeen, Avon, and H & D. However, Mission does not dispute the fact of settlement, its amount, or the reasonableness thereof. While the settlement agreement should have been attached to the affidavit, CR 56(e), and the affidavit could have been more artfully drafted, the omitted statement does not reference a disputed fact. The affidavit was adequate for the purpose of summary judgment.

Both Mission and Guarantee assign error to the court's apportionment of the settlement amount between the Mission and Guarantee policies. There are two major methods of apportioning a loss between primary insurers. Under the policy limit rule, the total loss is prorated on the basis of the maximum coverage limits of each policy. Under the maximum loss rule, the loss is prorated based upon the maximum loss which each insurer standing alone would incur for the particular occurrence. The maximum loss rule was adopted in *Mission Ins. Co. v. Allendale Mut. Ins. Co.*,

95 Wn.2d 464, 466, 626 P.2d 505 (1981). In the instant case, the applicable Mission limit was $600,000; the Guarantee limit was $1 million. The settlement amount including fees was $295,950.13. Using the *Allendale* rationale, Mission and Guarantee should contribute equally since each policy would fully cover the loss. Survey of Washington Law, *Insurance Law: Apportionment Between Policies,* 17 Gonz. L. Rev. 829, 839 (1982).

Mission concedes that, assuming coverage, apportionment on the basis of policy limits was the correct method, but relying on *Pacific Indem. Co. v. Federated Am. Ins. Co.,* 82 Wn.2d 412, 416, 511 P.2d 56 (1973), argues that Guarantee as sole insurer of H & D should pay 100 percent of one–half of the total settlement, with the remaining one–half split 10/16 as to Guarantee and 6/16 as to Mission. Guarantee contends that the court should have used the maximum loss method of apportionment, resulting in a 50/50 split of the settlement amount.

We find no merit in Mission's contention. The policy limits method of apportionment utilized in *Pacific Indemnity* was rejected in *Allendale. Pacific Indemnity* is inapplicable in any event, because there was here but a single tortfeasor, Brackeen.

The *Allendale* decision does not, however, preclude proration by policy limits if the contracts of insurance so provide. 17 Gonz. L. Rev. at 840. In *Allendale,* the court apparently was faced with two excess clauses which were mutually repugnant. The "other insurance" clauses in the instant case, although using slightly different language, each provide for contribution by policy limits. The policies are therefore consistent and complement each other. Where two policies can be read together without conflict, the court should preserve the integrity of each. H. McGough, T. Lumsden & R. Roddis, *Washington Insurance Claims* § 4.17, at 77 (1983). There is no valid reason for the court to rewrite the language of consistent policies as long as the interests of the insured are protected. We therefore reject Guarantee's argument that the maximum loss method

should have been used in spite of consistent clauses in the two policies authorizing the policy limits method. The trial court did not err in its method of allocating coverage.

Mission has moved to present additional evidence on appeal, asserting that after summary judgment was granted, it learned that the lease upon which the trial court based its decision had been superseded by a later joint venture agreement. As noted above, if the agreement was a purchase agreement, Brackeen would not have been an insured under the omnibus clause of Mission's policy. *See Beatty v. Western Pac. Ins. Co., supra* at 540.

In unusual circumstances additional evidence may be taken by an appellate court:

> **(a) Remedy Limited.** The appellate court may only on its own initiative direct that additional evidence be taken before the decision of a case on review if: (1) additional proof of facts is needed to fairly resolve the issues on review, (2) the additional evidence would probably change the decision being reviewed, (3) it is equitable to excuse a party's failure to present the evidence to the trial court, (4) the remedy available to a party through postjudgment motions in the trial court is inadequate or unnecessarily expensive, (5) the appellate court remedy of granting a new trial is inadequate or unnecessarily expensive, and (6) it would be inequitable to decide the case solely on the evidence already taken in the trial court.

RAP 9.11(a). This rule permits the taking of new evidence only if all six conditions are met and then only on the court's own initiative. *Washington Fed'n of State Employees, Coun. 28 v. State,* 99 Wn.2d 878, 884, 665 P.2d 1337 (1983). Unless the court acts under the authority of RAP 1.2 and 18.8, which provide for waiver or alteration of any Rule of Appellate Procedure to preserve the ends of justice, a literal reading of RAP 9.11(a) suggests that a party's motion for presentation of additional evidence cannot be entertained. Additionally, in examining RAP 9.11(a)(3), we cannot say that it is equitable to excuse Mission's failure to discover and present the evidence to the trial court. We

note the sequence of events. Mission's motion states that the facts concerning the purchase agreement were confirmed in late 1982. Summary judgment was granted on January 26, 1982. Under CR 60(b)(3), Mission had 1 year in which to bring a motion to vacate for newly discovered evidence. If Mission had acted promptly, *i.e.,* with "due diligence," this remedy would have been available to it. If the decision of the trial court would then have altered the issues to be reviewed, that question could have been presented to this court pursuant to RAP 7.2(e).

The motion is denied. The judgment is affirmed.

DURHAM, C.J., and JOHNSEN, J. Pro Tem., concur.

Reconsideration denied July 26, 1984.