[No. 54545–6.   En Banc.   August 4, 1988.]

PUBLIC EMPLOYEES MUTUAL INSURANCE COMPANY, *Appellant*, v. JOHN P. MUCKLESTONE, ET AL, *Respondents*.

*Reed, McClure, Moceri, Thonn & Moriarty,* by *William R. Hickman* and *Pamela A. Okano,* for appellant.

*Kargianis, Austin & Erickson,* by *Bruce Wolf,* for respondents.

DOLLIVER, J.—Defendant Patricia Mucklestone was injured on December 5, 1986, when a National Guard truck operated by a guardsman named Brisson forced her car off the road. For the purposes of this appeal, both parties assume Brisson was at fault.

At the time of the automobile accident, defendants carried automobile insurance with Public Employees Mutual Insurance Company (PEMCO). PEMCO filed a complaint for declaratory relief requesting a declaration that PEMCO need not provide underinsured motorist coverage to its insureds. Both parties moved for a summary judgment

which was granted in favor of the Mucklestones. The summary judgment requires the matter to proceed to arbitration for a determination of liability and damages.

The underinsured motorist provision of the PEMCO policy provides that PEMCO will pay bodily injury and property damages sustained by the insured "when those damages are caused by an *underinsured motorist*." An "underinsured *motor vehicle*" is defined as:

> One to which no liability insurance or bond applies at the time of the *accident*
>
> One to which a liability policy or bond applies at the time of the *accident,* but the limit of the liability policy or bond is inadequate to pay the full amount an *insured person* is legally entitled to recover as damages
>
> . . .
>
> A phantom vehicle, which is an unidentified vehicle that causes an *accident* although there's no physical contact with the *insured* or with a vehicle the *insured* is *occupying* at the time of *accident.*

The policy excludes from coverage any vehicle which is

> owned or operated by a self–insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law, or similar law that applies to the extent that damages are payable under a certificate of self–insurance[.]

At the time of the accident no "liability insurance or bond" applied to either the state or federal governments. As used in RCW Title 48, "[i]nsurance is a contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies." RCW 48.01.040. The state tort claims revolving fund is not "insurance" because it is not a contract of indemnity, nor does the state tort claims revolving fund authorize the purchase of any liability bonds. *See* RCW 4.92.130(1). Thus, by the terms of its own policy, a vehicle owned by the state or federal government has no liability insurance or bond and is an "underinsured motor vehicle" as defined by PEMCO.

PEMCO's policy contains an exclusion for self–insurers, even though no such an exclusion exists in the statute. The

actual exclusion for self–insurers PEMCO did draft does not include the state and federal governments. PEMCO's exclusion is specifically limited to those who are self–insurers "within the meaning of any motor vehicle financial responsibility law . . . to the extent that damages are payable under a certificate of self–insurance". The state and federal governments are not "self–insurers" within the meaning of the financial responsibility act, nor has the National Guard obtained certificates of self–insurance for its vehicles. RCW 46.29.630. *See* RCW 46.29.080(5), (9) which recognizes a distinction between self–insurers and governments by providing separate exclusions for these entities for security in the event of an accident.

PEMCO is surely correct in arguing the state and federal governments are financially capable of paying any damages in this case. Indeed, it well may be argued the purpose of the underinsured motorist statute is to compensate only persons injured by drivers who are financially incapable of paying damages. This is all beside the point since PEMCO drafted the insurance policy issued to the Mucklestones; and, by the terms of its own policy, the National Guard truck is an underinsured vehicle and neither the state nor the federal government can qualify as a self–insurer.

■ Essentially, PEMCO is asking this court to reform its automobile insurance policy to make it read so as to provide the exclusion it wishes it had drafted. The insurer, as drafter of the policy, is primarily responsible for defining the scope of coverage and ordinarily will not be allowed reformation, especially when to do so would result in denial of coverage. *Mission Ins. Co. v. Guarantee Ins. Co.*, 37 Wn. App. 695, 683 P.2d 215 (1984).

Because of our disposition of this case, the issue of whether the National Guard truck was a "phantom vehicle" need not be reached.

Affirmed.

PEARSON, C.J., UTTER, BRACHTENBACH, DORE, ANDERSEN, and DURHAM, JJ., and CUNNINGHAM and HAMILTON, JJ. Pro Tem., concur.