[No. 55131-6.   En Banc.   October 27, 1988.]

BARBARA SEARS, ET AL, *Petitioners,* v. GRANGE INSURANCE ASSOCIATION, *Respondent.*

*Thomas B. Nast,* for petitioners.

*Murray, Dunham & Murray,* by *Harold B. Field,* for respondent.

*Bryan P. Harnetiaux, Robert H. Whaley,* and *Gary N. Bloom* on behalf of Washington Trial Lawyers Association, amici curiae for petitioners.

DOLLIVER, J.—On November 12, 1983, Barbara Sears was injured in an automobile accident while a guest passenger in an automobile owned and operated by Ryan Egerdahl. The accident was caused by Lorenzo Iglesias who negligently drove his vehicle into the Egerdahl vehicle. Sears has recovered the $25,000 limit under Iglesias' liability policy and the $50,000 limit under Sears' underinsured motorist (UIM) coverage. Sears then sought to recover under the UIM coverage of the Egerdahl vehicle, which was insured by Grange. Grange denied UIM coverage claiming Sears, as a mere passenger, was not exercising control over the vehicle and therefore was not "using" the vehicle within the policy definition of insured.

Sears brought a declaratory judgment action in the Superior Court for King County. Summary judgment was awarded in favor of Sears; Grange appealed. The Court of Appeals reversed; we granted Sears' petition for review. Prior to oral argument, Grange made a motion to introduce a personal injury protection (PIP) endorsement into the

record under RAP 9.11. This motion was passed to the merits.

The issue is whether a passenger "uses" a vehicle for purposes of underinsured motorist coverage. The Grange policy provides UIM coverage for any "insured" and defines insured as "each person covered as an insured under the bodily injury liability protection of the policy . . ." There is no specific provision regarding protection for bodily injury liability. However, the liability section defines an insured as "the person(s) or group(s) protected under the *policy coverage*." "Covered person" is defined as "anyone using your *covered auto* with *your* permission." "Using" is not defined in the policy. Relying on *Dobosh v. Rocky Mt. Fire & Cas. Co.*, 43 Wn. App. 467, 717 P.2d 793, *review denied*, 106 Wn.2d 1011 (1986), the Court of Appeals held the term "using" excluded passive use by a passenger. We reverse.

The interpretation of insurance policy language is a question of law. *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 480, 687 P.2d 1139 (1984). In construing the language of an insurance policy, the court will examine the contract as a whole. *See* RCW 48.18.520; *E–Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 907, 726 P.2d 439 (1986) (quoting *Morgan v. Prudential Ins. Co. of Am.*, 86 Wn.2d 432, 434–35, 545 P.2d 1193 (1976)). The entire contract should be interpreted together in construing the effect of each clause. *Neer v. Fireman's Fund Am. Life Ins. Co.*, 103 Wn.2d 316, 692 P.2d 830 (1985). The policy should be given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance. *E–Z Loader*, at 907.

In construing the Grange policy, we note there is no definition of "use" in the UIM endorsement or in the remainder of the policy. Therefore, "use" will not be interpreted to have a unique meaning. Rather, the general criteria for determining whether a person is using a vehicle and thus insured under a UIM endorsement will be followed. *Rau v. Liberty Mut. Ins. Co.*, 21 Wn. App. 326, 334, 585 P.2d 157 (1978) sets out the relevant criteria:

(1) [T]here must be a causal relation or connection between the injury and the use of the insured vehicle; (2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it; (3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and (4) the person must also be engaged in a transaction essential to the use of the vehicle at the time.

(Citations omitted.) In the factual context of this case, we find all four criteria are met. *See Dobosh,* at 474 (Petrich, J., dissenting). Thus, we find Barbara Sears was using the vehicle as a passenger when her injury occurred. Furthermore, the weight of authority from other jurisdictions supports the proposition that passengers are users of a motor vehicle. *See, e.g., DeJarnette v. Federal Kemper Ins. Co.,* 299 Md. 708, 721, 475 A.2d 454 (1984); *State Farm Mut. Auto. Ins. Co. v. Francis,* 669 S.W.2d 424, 427 (Tex. Ct. App. 1984); *Orrill v. Garrett,* 100 Ill. App. 2d 194, 241 N.E.2d 1 (1968); *National Union Fire Ins. Co. v. Bruecks,* 179 Neb. 642, 139 N.W.2d 821 (1966); *Metcalf v. Hartford Accident & Indem. Co.,* 176 Neb. 468, 126 N.W.2d 471 (1964); *Indemnity Ins. Co. of North Am. v. Metropolitan Cas. Ins. Co.,* 33 N.J. 507, 513–14, 166 A.2d 355 (1960); *Maryland Cas. Co. v. Marshbank,* 226 F.2d 637 (3d Cir. 1955).

Grange's contention, agreed to by the majority in *Dobosh,* that passengers cannot be insureds under the liability section of the policy because passengers cannot be subject to liability, confuses liability with coverage. *See Kowal v. Grange Ins. Ass'n,* 110 Wn.2d 239, 243–44, 751 P.2d 306 (1988). While we were able in *Kowal* to distinguish *Dobosh* and although its continued vitality is questionable given that current insurance policies provide UIM coverage to passengers, we now face the issue. *Dobosh* is overruled. *See* Hickman, *No UIM for Auto Guests,* Washington Ins. L. Letter, April/May 1986, at 26.

On September 9, 1988, nearly 5 years after the accident, Grange sought to introduce the PIP endorsement under

RAP 9.11(a) so it could argue, as in *Dobosh,* that construing language in the PIP endorsement results in an interpretation of "use" which excludes occupancy, and that this interpretation should control the interpretation of "use" in the UIM endorsement. *See Dobosh,* at 470–71. Under RAP 9.11(a), additional evidence may be taken by an appellate court if the following criteria are met:

> The appellate court may direct that additional evidence be taken before the decision of a case on review if: (1) additional proof of facts is needed to fairly resolve the issues on review, (2) the additional evidence would probably change the decision being reviewed, (3) it is equitable to excuse a party's failure to present the evidence to the trial court, (4) the remedy available to a party through postjudgment motions in the trial court is inadequate or unnecessarily expensive, (5) the appellate court remedy of granting a new trial is inadequate or unnecessarily expensive, and (6) it would be inequitable to decide the case solely on the evidence already taken in the trial court.

New evidence may be taken only if all six conditions are met. *Washington Fed'n of State Employees, Coun. 28 v. State,* 99 Wn.2d 878, 884, 665 P.2d 1337 (1983). Despite the language in RAP 9.11, we may waive its provisions to serve the ends of justice, pursuant to RAP 1.2 and 18.8, and consider defendant's motion. *See Washington Fed'n of State Employees,* at 884–85.

We hold Grange has failed to meet the criteria of RAP 9.11(a), specifically subsections (2), (3) and (6), and decline to waive its provisions. The motion to introduce the PIP endorsement is denied. Moreover, even if we were to grant the motion, we would find the complicated construction of the policy urged by Grange, which would use the PIP endorsement, to be unpersuasive. Additionally, the matter of the PIP endorsement is an independent issue which we refuse to entangle with the UIM coverage which is claimed by plaintiff. *See Public Employees Mut. Ins. Co. v. Mucklestone,* 111 Wn.2d 442, 758 P.2d 987 (1988).

The term "using" in the Grange policy includes passive use by a passenger, and Barbara Sears is entitled to UIM coverage as an insured.

PEARSON, C.J., UTTER, BRACHTENBACH, DORE, CALLOW, DURHAM, and SMITH, JJ., and CUNNINGHAM, J. Pro Tem., concur.