[No. 9884–2–III.   Division Three.   June 21, 1990.]

ROBERT McVEY, ET AL, as *Guardians, Appellants,* v. NATIONWIDE MUTUAL INSURANCE COMPANY, ET AL, *Respondents.*

*Paul J. Burns,* for appellants.

*Patrick Shine, Erika Balazs, Lukins & Annis, Ronald D. Kappelman,* and *Southwell, O'Rourke, Jalbert & Kappelman, P.S.,* for respondents.

THOMPSON, J.—Robert and Kathy McVey, husband and wife, in their own right and as guardians of their minor daughter, Kristy McVey, appeal the summary dismissal of their action seeking declaratory relief against Nationwide Mutual Insurance Company and Farmers Insurance Company of Washington. We affirm.

On May 8, 1988, 14–year–old Kristy McVey was injured in an automobile accident while riding as a passenger in a

car driven by 14–year–old Sitka Morelli. Ms. Morelli's mother, Betty Rowe, owned the vehicle. She had not given the girls permission to use it.

The McVeys brought this action for declaratory relief against Farmers Insurance Company, Ms. Rowe's insurer, and against Nationwide Mutual Insurance Company, their own insurer. They contend that because Farmers denied liability coverage to Ms. Morelli, the vehicle was uninsured at the time of the accident.

The liability section of the Farmers policy reads:

> Insured person does not mean:
>
> . . . .
>
> 3. Any person who uses a vehicle without having sufficient reason to believe that the use is with the permission of the owner.

It also states:

> [N]o vehicle shall be considered as your insured car unless there is sufficient reason to believe that the use is with permission of the owner, and unless it is used by you or a family member.

The Farmers policy defines "insured" for purposes of uninsured motorist (UIM) coverage as "[a]ny . . . person while occupying your insured car." Farmers denied coverage based on the following UIM exclusion:

> But no person shall be considered an insured person if the person uses a vehicle without having sufficient reason to believe that the use is with permission of the owner.

Nationwide also denied Ms. McVey's claim for UIM benefits based on its exclusion, which reads:

> This Uninsured Motorist insurance does not apply as follows:
>
> . . . .
>
> (2) It does not apply to use of any vehicle by an insured without permission of the owner.

The general conditions of the Nationwide policy also contain a specific exclusion for the insured's use of a vehicle without the owner's permission.

All parties moved for summary judgment. The court granted the motions of Nationwide and Farmers, based on the above quoted UIM exclusions, and entered judgment dismissing the McVeys' action.

First, the McVeys contend that the term "use" in the cited exclusions is ambiguous, *i.e.,* it is unclear whether it includes persons who are occupying the vehicle, but not actually operating it.

Nationwide and Farmers argue *Sears v. Grange Ins. Ass'n,* 111 Wn.2d 636, 762 P.2d 1141 (1988) controls. There, Ms. Sears was injured in an automobile accident while riding as a passenger in a car driven by Grange's insured. She recovered the limits of the policy insuring the motorist who negligently struck them; she also recovered under her own policy's UIM provisions. However, Grange refused to pay her under its UIM provisions which covered "'anyone using your *covered auto* with *your* permission.'" *Sears,* at 638. The issue was whether a passenger was using the automobile.

Since the policy did not define "use", *Sears* held that the following criteria should be applied in determining whether a person is using a vehicle:

> (1) [T]here must be a causal relation or connection between the injury and the use of the insured vehicle; (2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it; (3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and (4) the person must also be engaged in a transaction essential to the use of the vehicle at the time.

*Sears,* at 639. The court held Ms. Sears, riding as a passenger in the insured vehicle, met these criteria.

The McVeys distinguish *Sears* on the ground it construed the term "using" as it appears in a *coverage* clause, as opposed to an *exclusionary* clause. They rely on basic principles of construction:

> "Exclusion clauses are strictly construed against the insurer, especially if they are of uncertain import. An insurer may, of course, cut off liability under its policy with a clear language, but it cannot do so with that dulled by ambiguity.

*Phil Schroeder, Inc. v. Royal Globe Ins. Co.,* 99 Wn.2d 65, 69, 659 P.2d 509 (1983) (quoting *Aetna Cas. & Sur. Co. v. Haas,* 422 S.W.2d 316, 331 (Mo. 1968) (quoting *Boswell v. Travelers Indem. Co.,* 38 N.J. Super. 599, 120 A.2d 250

(1956))), *aff'd,* 101 Wn.2d 830, 683 P.2d 186 (1984). The McVeys argue that because the two policies also employ the very specific term "occupying", an ambiguity arises as to the meaning of "using" as it appears in the exclusion.[1]

▮▮ We have reviewed the cited provisions and find no ambiguity. As noted in *Phil Schroeder,* at 69 (quoting *Aetna,* at 331):

> *As with the provisions of the policy as a whole,* so also with the exceptions to the liability of the insured, *the language must be construed so as to give the insured the protection which he reasonably had a right to expect;* and to that end any doubts, ambiguities and uncertainties arising out of the language used in the policy must be resolved in his favor."

(Italics ours.) We hold that the average person purchasing insurance would understand the term "using" in these two policies to include "occupying". *Sears,* at 638.

---

[1]The pertinent policy provisions are:
Nationwide
Medical Payments
. . . .
In addition, you and relatives living in your household are covered:
. . . .
3. while *occupying* any other motor vehicle not owned by you or a resident relative.

Uninsured Motorists
Anyone else is protected while *occupying:*
1. your auto.
2. [The remaining items deal with situations in which the insured is operating another vehicle.]

Farmers
Part III—Personal Injury Protection
Insured person means:
. . . .
2. Any other person while:
  a. a guest passenger in your insured car.
  b. *using* your insured car with your permission.

Part II—UNDERINSURED MOTORIST
. . . .
As used in this part:
1. Insured person means:
  a. You or a family member.
  b. Any other person while *occupying* your insured car.

■ The McVeys also contend that "using" is ambiguous because a Court of Appeals decision, which was overruled in *Sears,* at 639, interpreted the term as excluding passengers. *See Dobosh v. Rocky Mt. Fire & Cas. Co.,* 43 Wn. App. 467, 717 P.2d 793, *review denied,* 106 Wn.2d 1011 (1986). Some jurisdictions have held that conflicting appellate court decisions on the meaning of a term used in an insurance policy are evidence that the term is ambiguous. *See* cases cited in Annot., *Division of Opinion Among Judges on Same Court or Among Other Courts or Jurisdictions Considering Same Question, as Evidence That Particular Clause of Insurance Policy Is Ambiguous,* 4 A.L.R.4th 1253 (1981). But our court has rejected this rule at least in those situations in which the division of opinion is between the State's Supreme Court and Court of Appeals and the Supreme Court has expressly overruled the Court of Appeals' holding that the term is ambiguous. *Crunk v. State Farm Fire & Cas. Co.,* 106 Wn.2d 23, 719 P.2d 1338 (1986).

Second, the McVeys cite *Federated Am. Ins. Co. v. Raynes,* 88 Wn.2d 439, 444, 563 P.2d 815 (1977) and *Dairyland Ins. Co. v. Uhls,* 41 Wn. App. 49, 54, 702 P.2d 1214 (1985), which hold that persons insured under the primary liability section of an automobile insurance policy are entitled to UIM protection. These holdings are based upon RCW 48.22.030(2), which requires all new and renewal policies to provide UIM coverage to "persons insured thereunder . . .".

■ Here, the primary liability sections of both policies contain the same exclusion as found in the UIM. However, the McVeys urge us to extend *Raynes* and hold that UIM coverage is mandated under the Farmers and Nationwide polices because Kristy was covered by the personal injury protection (PIP) provisions of those policies. In *Sears,* at 640, the court rejected the insurer's argument that language in the PIP endorsement resulted in an interpretation of "use" which excluded "occupancy":

[T]he matter of the PIP endorsement is an independent issue which we refuse to entangle with the UIM coverage which is claimed by plaintiff.

We hold PIP coverage, as opposed to primary liability coverage, need not be consistent with UIM coverage.

■ We therefore affirm the summary dismissal.[2] We decline Farmers' request that we award it attorney fees. The McVeys' appeal cannot be characterized as frivolous. They raised a debatable issue when they argued that "using" was ambiguous because the policies also referred to "occupying" a motor vehicle. *Cf. Mahoney v. Shinpoch,* 107 Wn.2d 679, 691, 732 P.2d 510 (1987).

Affirmed.

MUNSON, C.J., and GREEN, J., concur.

---

[2]Our disposition of the McVeys' appeal makes it unnecessary for us to address the issue raised in Nationwide's cross appeal.