**Phyllis OBERKRAMER, Respondent,**

v.

**RELIANCE INSURANCE COMPANY, Appellant.**

**No. 45428.**

Missouri Court of Appeals, Eastern District, Division Four.

April 12, 1983.

J.L. Leritz, Leritz & Reinert, St. Louis, for appellant.

John B. Kistner, Jr., Rothman, Sokol & Adler, St. Louis, for respondent.

SMITH, Judge.

Defendant appeals from a judgment against it in a court-tried case awarding plaintiff $10,000. The award was based upon the death of plaintiff's husband, sustained as a result of the negligence of an uninsured motorist. Defendant provided liability coverage for the vehicle decedent was operating and the insurance policy contained uninsured motorist coverage. We affirm.

On December 24, 1978, John Oberkramer was on duty as a police officer in Des Peres.[1] He received advice by radio that police from Ellisville and Ballwin were pursuing a vehicle at high speed on Manchester Road heading east toward Des Peres. It was between 3:00 and 4:00 a.m. He and another officer each proceeded in their police cars to the intersection of Des Peres Road and Manchester Road to set up a road block. After placing their respective cars bumper to bumper across Manchester Road with all signaling lights activated, the officers left their cars. Oberkramer took a position between 25 and 50 feet north of his vehicle. The pursued vehicle, traveling at high speed with no lights, approached the road block. The vehicle went out of control and struck Oberkramer resulting in his death. The pursued vehicle, operated by a 14 year old boy, was uninsured.

Defendant was the insurer of the vehicles of the City of Des Peres, owner of the vehicle being operated by Oberkramer. The policy contained liability and uninsured motorist provisions which will be discussed more fully later. Plaintiff brought her suit against defendant on September 15, 1980.

Defendant first contends that plaintiff is barred by limitations because she did not file her suit within one year after the death of her husband as required by Sec. 537.080(2), RSMo 1978, the statute in effect on the date of Oberkramer's death. *See Crenshaw v. Great Central Insurance Company,* 527 S.W.2d 1 (Mo.App.1975). That statute was repealed and a new comprehensive death statute enacted effective September 28, 1979. The new statute eliminated the "limitations-within-limitations" provision of the earlier statute and allowed any prescribed plaintiff in a wrongful death action three years within which to commence the action. Secs. 537.080 and 537.100, RSMo

---

**1.** For additional facts *see Oberkramer v. City of Ellisville,* 650 S.W.2d 286 (E.D.Mo.1983).

Supp.1982. At the time the new statute became effective plaintiff's right to sue was still viable. In *State ex rel. Research Medical Center v. Peters,* 631 S.W.2d 938 (Mo. App.1982), the Western District, confronted with precisely the same issue now before us, held that the new statute applies to wrongful death actions still viable on its effective date. We are in agreement with the conclusion of our brethren in the Western District and because we can add nothing of value to the scholarly opinion of Judge Shangler we refer the reader thereto. Plaintiff was not barred by limitations.[2]

Defendant also contends that its uninsured motorist coverage was not applicable here because Oberkramer was not "occupying" the insured vehicle at the time he was struck. We find it unnecessary to reach this issue or to interpret our opinion in *State Farm Mutual Automobile Ins. Co. v. Farmers Ins. Co.,* 569 S.W.2d 384 (Mo.App. 1978).

The policy here provided that persons insured for liability purposes included: "any other person while using an *owned automobile* or a *hired automobile* with the permission of the *named* insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission . . . ." (emphasis in original). This provision is mandated by Sec. 303.190.2(2), RSMo 1978. There is no dispute that the car Oberkramer was utilizing was covered by the policy, that he was utilizing it with the permission of the named insured, and that the use he was making of it was within the scope of that permission.

■ The uninsured motorist provision of the policy includes as persons insured "any other person while occupying an insured highway vehicle . . ." Plaintiff contends that that provision, to the extent it fails to provide coverage to users who are not occupiers, is contrary to Sec. 379.203, RSMo 1978, and against public policy. We agree. That statutory section provides that automobile liability insurance policies shall not be delivered in this state unless coverage for injuries caused by uninsured motorists is included "for the protection of persons insured thereunder." The phrase "persons insured thereunder" relates back to persons insured by the liability provisions. It is therefore mandatory that insurers provide uninsured motorist coverage to the persons insured under the liability provisions. As stated in *Famuliner v. Farmers Ins. Co. Inc.,* 619 S.W.2d 894 (Mo.App.1981) [6]:

"There is no violation of the statute *unless* a policy condition limits uninsured motorist protection as to persons who otherwise qualify as insureds for liability purposes." (emphasis supplied). *See also Otto v. Farmers Ins. Co.,* 558 S.W.2d 713 (Mo.App.1977) [3].

Sec. 379.203 becomes a part of every policy of insurance to which it is applicable as if it were included in full in the policy itself. *Otto v. Farmers Ins. Co., supra,* [4, 5]. Oberkramer was an insured under the liability policy if he was "using" the vehicle at the time of the injury; he is, under the statute, equally protected by the uninsured motorist provision.

■ Defendant contends that "use" and "occupancy" are synonymous and that Oberkramer was not "using" the vehicle at the time of the injury. We do not find the words synonymous. Without resolving whether Oberkramer was an "occupant" we have no difficulty finding him to be a "user." While the use to which Oberkramer put his vehicle was not a common one, it was neither unusual nor unexpected for a police officer. The use was for police purposes and from the testimony in the record was conducted in acceptable police fashion. That Oberkramer left his car after placing it in the road was not only good police procedure but common sense as well, although in this instance it had tragic consequences. His temporary physical separation from the vehicle did not destroy his

---

**2.** Plaintiff sought leave to supplement the legal file to include material supportive of her contention that she appropriated the cause of action within one year. Defendant moved to strike the supplement. We deny plaintiff's motion rendering defendant's motion moot.

"use" of the vehicle, to the contrary it established his actual use of the vehicle for a particular police purpose—a road block. That use resulted in Oberkramer's death.

Judgment affirmed.

PUDLOWSKI, P.J., and KELLY, J., concur.