James MARTIN, Plaintiff–Appellant,

v.

CAMERON MUTUAL INSURANCE
COMPANY,
Defendant–Respondent.

No. 15665.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 12, 1989.

Mark J. Pelts, Jones, Pelts, Stokley & Turnbow, Kennett, for plaintiff-appellant.

Wendell W. Crow, Crow, Reynolds & Preyer, Kennett, for defendant-respondent.

MAUS, Judge.

In this action the plaintiff, as a permissive driver, seeks to recover for personal injuries under the uninsured motorist coverage of a policy of insurance issued by defendant insurer to the owner of an insured automobile. The plaintiff sustained those injuries as a pedestrian returning to the insured automobile after attending a movie. He appeals from a summary judgment against him.

The following is a summary of the facts established by the evidentiary material supporting the defendant insurer's motion. The defendant issued a policy of automobile insurance to the named insured Velma E. Little. The described automobile was a 1983 Oldsmobile. The insurance afforded by the policy included liability insurance and uninsured motorist insurance.

Under the provisions for liability insurance, the relevant portion of the definition of insured is as follows: "[T]he unqualified word 'insured' includes the named insured, any resident of the same household, any person while using the automobile, ... provided the actual use of the automobile is by an insured or with the permission of any named insured."

Under the provisions for uninsured motorist insurance an insured is defined as follows: "[T]he first named natural person and not a corporation, firm or partnership, and, while residents of the same household, the spouse of the first named natural person and the relatives of either but does not include any resident relative who, or whose spouse owns an automobile."

On the evening in question, the plaintiff, James Martin, and Velma E. Little decided to see a movie. The plaintiff, accompanied by Little, at her request drove the Oldsmobile from the Little home to a parking lot approximately one block from the theatre. They parked and walked to the theatre. After the movie in walking back to the automobile, they were crossing a street. When they were doing so, they were hit and injured by an automobile allegedly negligently driven by Brian K. Rather. The Rather automobile was an uninsured motor vehicle as defined in the Little policy. As

stated, the plaintiff seeks to recover for his injuries under the uninsured motorist insurance provided by that policy.

The plaintiff acknowledges he is not an insured as defined by the uninsured motorist provisions of the Little policy. In asserting the circuit court erred, the plaintiff's sole contention is "the 'omnibus clause' insuring persons using an automobile under the liability provisions of a policy is required by Section 303.190.2(2), RSMo, and the cases cited thereunder, requires [sic] that the same persons be insured under the uninsured motorist provision of the policy." That contention may be conceded. "It is therefore mandatory that insurers provide uninsured motorist coverage to the persons insured under the liability provisions." *Oberkramer v. Reliance Insurance Company*, 650 S.W.2d 300, 302 (Mo. App.1983). Also see *Adams v. Julius*, 719 S.W.2d 94 (Mo.App.1986).

However, the liability insuring agreement of the Little policy reads as follows: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile." As noted, the plaintiff was insured under the liability provisions of the Little policy only while he was using the Oldsmobile with the permission of the named insured. It follows that he was insured under the uninsured motorist provisions of the Little policy by reason of § 303.190.2(2) only if he was injured when he was using the Oldsmobile. *Adams v. Julius*, supra. The applicable law has been accurately and succinctly summarized.

The words 'arising out of' are ordinarily understood to mean 'originating from,' or 'having its origin in,' 'growing out of' or 'flowing from.' *Cameron Mut. Ins. Co. v. Ward*, 599 S.W.2d 13, 15 (Mo.App. 1980). Accordingly, our courts have recognized the term 'use' in an omnibus clause imports more than the act of driving in or riding in an automobile. *Bituminous Cas. Corp. v. Aetna Life & Cas.*, 599 S.W.2d 516, 518 (Mo.App.1980); See *Oberkramer v. Reliance Ins. Co.*, 650 S.W.2d 300, 302–303 (Mo.App.1983). Many decisions have in effect recognized use as going beyond the narrow meaning of the direct mechanical operation performed by the driver and as encompassing the broader concept of employing or putting the vehicle into one's service by an act which assumes at anytime—with the consent of the owner or his agent—the supervisory control or guidance of its movements. Id.; *Waltz v. Cameron Mut. Ins. Co.*, 526 S.W.2d 340, 344 (Mo. App.1975). Although it is not required that the 'use' of the automobile be the direct and proximate cause of the injury in the strict legal sense of causation permeating general tort law, there must be some causal connection between an injury and the use in order for there to be recovery.

*Pope v. Stolts*, 712 S.W.2d 434, 436–437 (Mo.App.1986). The plaintiff at the time of his injury was not exercising supervisory control or guiding the movements of the Oldsmobile. Moreover, it does not require citation or an extended discussion to conclude there was no casual connection between the act of the plaintiff driving and parking the Oldsmobile and the injuries allegedly negligently inflicted by Rather. See Annot., Automobile Liability Insurance, 15 A.L.R.4th 10 (1982).

The plaintiff cites *Famuliner v. Farmers Ins. Co., Inc.*, 619 S.W.2d 894 (Mo.App. 1981). That case does not aid the plaintiff. That case establishes "[t]here is no violation of the statute unless a policy condition limits uninsured motorist protection as to persons who otherwise qualify as insureds for liability purposes." *Id.* at 897. Also see *Adams v. Julius, supra.* The plaintiff, at the time of his injuries, did not qualify as an insured for liability purposes in respect to the Little policy.

The plaintiff also cites *Oberkramer.* That case is not applicable to the facts of this case. At the time of Officer Oberkramer's death, which occurred as the result of the operation of an uninsured motor vehicle, Oberkramer was controlling the in-

sured automobile by using it as a road-block.

The evidentiary material before the circuit court established there was no genuine issue as to any material fact and the defendant insurer was entitled to a judgment as a matter of law. Rule 74.04. The judgment of the circuit court is affirmed.

HOGAN and PREWITT, JJ., concur.