## AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, Appellant,

v.

## Lisa DOLPHIN, Mike Oris, Beth Oris, Terry Shipley and Barry Johns, Respondents.

### No. 57796.

Missouri Court of Appeals, Eastern District, Division Five.

November 20, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 19, 1990.

Application to Transfer Denied Feb. 7, 1991.

Edward J. Bippen, Jr., St. Louis, for appellant.

Stephen H. Ringkamp, St. Louis, for Lisa Dolphin, Mike Oris, Beth Oris.

Terry Shipley and Barry Johns, Fenton, pro se.

SIMON, Judge.

Appellant, American Standard Insurance Company of Wisconsin (American Standard) appeals from the judgment entered in favor of respondent, Lisa Dolphin (Dolphin), a passenger on the insured motorcycle, on its petition for Declaratory Judgment on Dolphin's action seeking to recover for personal injuries sustained in a motorcycle accident.

On appeal, American Standard argues that the trial court erred in: (1) holding the "passenger exclusion" clause in its motorcycle liability insurance policy, to be against the public policy of the State of Missouri in that the exclusionary clause is fully consistent with the public policy of this state because Missouri law does not compel a motorist to have automobile liability insurance, and hence, a clause restricting the scope of an insured risk against a claim by a passenger does not violate the spirit of Missouri's financial responsibility statutes or any related provisions of law and (2) finding that even if the passenger exclusion was valid that respondent, Lisa Dolphin, would be entitled to coverage under Part III of the policy issued by American Standard to Mike and Beth Oris providing uninsured motorist coverage as Missouri law is clear that Mo.Rev.Stat. Section 379.203 is an "uninsured vehicle" statute and not an "uninsured motorist" statute and there is no dispute in this case that the motorcycle did have a valid liability policy on the vehicle and even if an exclusion to the liability policy prevents an individual from recovering under the policy, uninsured motorist coverages are then not available to the injured party. We affirm.

The undisputed facts are as follows. On April 10, 1988, an accident occurred when a motorcycle driven by Terry Shipley collided with the rear of an automobile driven by Harry T. Johns. Lisa Dolphin, a passenger on the motorcycle, sustained bodily injuries as a result of the collision.

The motorcycle driven by Terry Shipley was owned by Mike and Beth Oris. At the time of the accident there was in effect an insurance policy issued by American Standard to Mike and Beth Oris. The policy provided bodily injury liability coverage for the operator of a motorcycle of $25,000.00 per person and $50,000.00 per occurrence and uninsured motorist coverage of $25,000.00 per person and $50,000.00 per occurrence.

The policy contained a passenger exclusionary clause in PART I—LIABILITY COVERAGE which provides:

EXCLUSIONS

This coverage does not apply to:

. . . . .

12. Bodily injury to any passenger while occupying any motorcycle.

The policy also provides in PART I—LIABILITY COVERAGE

CONFORMITY WITH FINANCIAL RESPONSIBILITY LAWS

When we certify this policy as proof under any financial responsibility law, it will comply to the extent of the required coverage. You agree to repay us for any payment we would not have had to make except for this agreement.

Lisa Dolphin asserted a claim for bodily injury as a result of said collision, against Terry M. Shipley, the operator of the motorcycle, as an insured under the policy. In addition, she asserted a claim for bodily injury under the uninsured motorist provision of the policy as an alternative claim depending on the applicability of the liability coverage.

American Standard refused to compensate Dolphin for her injuries and filed a petition for Declaratory Judgment. Subsequently, Dolphin filed her answer and counterclaim for Declaratory Judgment. On November 29, 1989, the trial court entered its order denying American Standard's petition for Declaratory Judgment and granting Dolphin's counterclaim for Declaratory Judgment pursuant to her Motion for Judgment on the Pleadings. The trial court ruled that the passenger exclusion clause was invalid and contrary to Missouri public policy. Alternatively, the trial court ruled that even if the "passenger exclusion" was valid, Dolphin would be entitled to coverage under Part III of the policy providing uninsured motorist coverage.

Initially, we note that our review of a declaratory judgment is governed by the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). In its first point, American Standard essentially argues that the trial court's decision invalidating the passenger exclusion clause was erroneous and ignores the legislature's intent and history of Missouri's Financial Responsibility Law. American Standard supports its contention by arguing that the Missouri General Assembly did not enact a compulsory automobile liability insurance law, that the coverage required in section 303.190.2 RSMo 1986 applies only to "certified policies," and that the statute does not require all policies to provide coverage to their insureds for all losses arising out of the use of motor vehicles.

Section 303.190. RSMo 1986 provides in pertinent part:

1. A "motor vehicle liability policy" as said term is used in this chapter shall mean an owner's or an operator's policy of liability insurance, certified as provided in section 303.170 or section 303.180 as proof of financial responsibility, and issued, except as otherwise provided in section 303.180 by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as insured.

2. Such owner's policy of liability insurance:

. . . .

(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from

the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles.....

....

The statutory requirements of section 303.190.2 RSMo 1986 apply to those policies which have been certified in accordance with the statute. *Protective Casualty Ins. Co. v. Cook,* 734 S.W.2d 898, 907[7, 8] (Mo.App.1987). Here, we note that the record before this court does not indicate whether or not the policy issued by American Standard to Mike and Beth Oris has been "certified." American Standard in its brief states that the policy has not been certified and Dolphin does not contest the statement.

It is the public policy of this state to assure financial remuneration for damages sustained through the negligent operation of motor vehicles on the public highways of this state. *Winterton v. Van Zandt,* 351 S.W.2d 696, 700–701[1, 2] (Mo. banc 1961). Section 303.010 et seq. RSMo 1986, MOTOR VEHICLE FINANCIAL RESPONSIBILITY LAW, and in particular, section 303.190.2 set out our state's public policy regarding financial responsibility in the ownership and operation of motor vehicles. *Allstate Ins. Co. v. Sullivan,* 643 S.W.2d 21, 22–23[1, 2] (Mo.App.1982).

In *Sullivan,* our court held that where a policy by its express language is issued to comply with the Financial Responsibility Law and the parties intended the same, the public policy and statutory requirements of the Financial Responsibility Law will apply to the policy regardless of whether the policy has actually been certified as proof of financial responsibility. *Sullivan,* at 23. We are mindful that our Supreme Court limited the application of *Sullivan* to the context in which it was decided. *American Family Mutual Ins. Co. v. Ward,* 789 S.W.2d 791, 795[1] (Mo. banc 1990). Further, *Ward* is pre-mandatory financial responsibility and its holding appears to be restricted to that period. *See Ward,* 789 S.W.2d at 795[4, 5], 797.

The language used in PART I—LIABILITY COVERAGE, CONFORMITY WITH FINANCIAL RESPONSIBILITY LAWS (supra) is apparently similar to the language used in the financial responsibility law provision of the policy in *Sullivan. Id.* at 23. In any event, the impact of the language is the same. In addition, printed on the declaration page of American Standard's policy is the language, "MISSOURI MOTOR VEHICLE PROOF OF FINANCIAL RESPONSIBILITY, KEEP IN YOUR VEHICLE." The declaration page also has a stamp on it which reads, "FINANCIAL RESPONSIBILITY FILING HAS BEEN MADE WITH THE MOTOR VEHICLE DEPARTMENT AS REQUIRED." Additionally, the policy provides in Part I that when this policy is certified as proof of financial responsibility, it will comply with the law to the extent of the required coverage.

American Standard is correct in its assertion that the Missouri legislature did not enact a mandatory automobile liability insurance law, but rather a mandatory financial responsibility law. The Missouri Legislature enacted section 303.025 RSMo 1986 (effective July 1, 1987) which provides in pertinent part:

1. No owner of a motor vehicle registered in this state shall operate a vehicle, or authorize any other person to operate the vehicle, unless the owner maintains the financial responsibility as required in this section....

2. A motor vehicle owner shall maintain his financial responsibility in a manner provided for in section 303.160 or with a motor vehicle liability policy which conforms to the requirements of the laws of this state.

....

Also section 303.160 RSMo 1986 provides:

1. Proof of financial responsibility when required under this chapter with respect to a motor vehicle or with respect to a person who is not the owner of a motor vehicle may be given by filing:

(1) A certificate of insurance as provided in section 303.170 or section 303.180; or

(2) A bond as provided in section 303.-230; or

(3) A certificate of deposit of money or securities as provided in section 303.240; or

(4) A certificate of self-insurance, as provided in section 303.220, supplemented by an agreement by the self-insurer that, with respect to accidents occurring while the certificate is in force, he will pay the same judgments and in the same amounts that an insurer would have been obligated to pay under an owner's motor vehicle liability policy if it had issued such a policy to said self-insurer.

2. No motor vehicle shall be or continue to be registered in the name of any person required to file proof of financial responsibility unless such proof shall be furnished for such motor vehicle.

Section 303.025 RSMo 1986 requires that all owners of motor vehicles registered in the State of Missouri maintain financial responsibility. Here, the policy is effective "From 4–02–88 to 7–02–88." Apparently, the Oris' choose to maintain financial responsibility with the liability policy issued by American Standard. Thus, it is clear from the policy language, the date of the effectiveness of the financial responsibility law and the effective date of the policy, that American Standard and the Oris' intended the policy to comply with the Financial Responsibility Law.

Further, we are aware that *Sullivan* involved an omnibus clause and, in the present case, we are dealing with an exclusionary clause. This difference is not significant in our application of the rationale of *Sullivan* in the utilization of Section 303.190 RSMo 1986 as expression of public policy for a policy not "certified" but which by its language was issued to comply with the Financial Responsibility Law. Notwithstanding the passenger exclusionary clause and regardless of whether the policy had actually been "certified," it is apparent that the policy is intended to conform to the Financial Responsibility Law of this state. Therefore, the passenger exclusion clause is contrary to the public policy of

our state as expressed in section 303.190.-2(2) RSMo 1986.

Having determined that the trial court correctly ruled that the passenger exclusionary clause is contrary to public policy, it is unnecessary to consider American Standard's second point.

Judgment affirmed.

CRANDALL, C.J., and REINHARD, J., concur.