771 F.Supp. 297 (1991)
DAIRYLAND INSURANCE COMPANY, Plaintiff,
v.
Arthur J. MORSE, et al., Defendants.
No. S88-0158C.
United States District Court, E.D. Missouri, Southeastern Division.
August 23, 1991.
Joseph H. Mueller, Moser & Marsalek, St. Louis, Mo., for plaintiff.
Karen J. Miller, Spain, Merrell & Miller, Poplar Bluff, Mo., for defendants.

MEMORANDUM
LIMBAUGH, District Judge.
This cause is before the Court on plaintiff Dairyland Insurance Company's ("Dairyland") motion for summary judgment and defendants' amended cross-motion for summary judgment. On July 20, 1987 defendant Arthur Morse purchased from Dairyland a motorcycle liability policy, No. 23-01658-01-99, that provided coverage to Mr. Morse from July 21, 1987 to July 21, 1988. At the time of application Mr. Morse specifically rejected passenger liability coverage and medical payments coverage. On November 1, 1987 Mr. Morse was involved in an accident in which Peggy Sue Lewis, a passenger on his motorcycle, was killed.
The survivors of Ms. Lewis filed an action against Mr. Morse in the Circuit Court of Butler County, Missouri in which they alleged that Mr. Morse was liable for damages arising out of the motorcycle accident. On November 3, 1988 the Circuit Court entered a judgment in the amount of $25,000 in favor of the survivors of Ms. Lewis and against Mr. Morse.
*298 Dairyland then filed this action seeking a declaratory judgment against Mr. Morse and the survivors of Ms. Lewis. Dairyland asserts that it cannot be required to defend or indemnify Mr. Morse for the death of a passenger on his motorcycle because Mr. Morse did not purchase passenger liability coverage or medical payments coverage. Defendants, however, assert that the passenger exclusion in Mr. Morse's policy is void because is violates public policy as established by the State of Missouri in the Motor Vehicle Financial Responsibility Law, Mo.Rev.Stat. §§ 303.010 et seq. ("Financial Responsibility Law").

Certification
Dairyland asserts that the public policy of Missouri, as established in § 303.190.2(2)[1] of the Financial Responsibility Law, is inapplicable because Mr. Morse's policy was not certified as proof of financial responsibility under Mo.Rev.Stat. § 303.190.1.[2] Defendants argue that the lack of certification is no bar to the application of public policy under the Financial Responsibility Law.
In American Standard Insurance Company of Wisconsin v. Dolphin ("Dolphin"), 801 S.W.2d 413, 415 (Mo.App.1990), the Missouri Court of Appeals recently addressed the question at hand. The defendant in Dolphin was a passenger on a motorcycle that was involved in a collision. Plaintiff insurance company issued to the owners of the motorcycle a policy of insurance that excluded coverage for passengers on the motorcycle. The policy was not certified as proof of financial responsibility under Mo.Rev.Stat. §§ 303.170 or 303.180. The Dolphin court held that the lack of certification did not preclude the court from applying the public policy set forth in Mo.Rev.Stat. § 303.190.2(2).
This Court will reluctantly follow Dolphin on the issue of certification. This Court's reluctance is caused by the decision of the Dolphin court to base its holding on Allstate Ins. Co. v. Sullivan ("Sullivan"), 643 S.W.2d 21, 22-23 (Mo.App.1982)[3], a decision that was expressly disapproved by the Missouri Supreme Court in American Family Mutual Ins. Co. v. Ward ("Ward"), 789 S.W.2d 791 (Mo. banc 1990). Although Ward did not overrule Sullivan on the certification issue, the Missouri Supreme Court expressed its dissatisfaction with Sullivan when it stated:

Sullivan is distinguishable from the case now under consideration. First, Sullivan involved the construction of an omnibus clause. Second, the Sullivan insurance policy purported to "meet the requirements of the Safety Responsibility Law." The provision now under consideration is a family exclusion clause and the policy does not undertake to meet the requirements of the Safety Responsibility Law; the only commitment in this policy is to modify terms "which are in conflict with the statutes." Sullivan cannot be considered authoritative beyond the context in which it was decided.
Ward, 789 S.W.2d at 795. (Emphasis added).
The provision at issue in the Dolphin case was a passenger exclusion clause, not an omnibus clause. The Dolphin court *299 disregarded the difference as immaterial.[4] The difference, however, is highly significant when the Missouri Supreme Court expressly restricted the authority of Sullivan to cases involving the interpretation of an omnibus clause.[5]
Although this Court suspects that Dolphin was wrongly decided, the decision of Dolphin stands as the latest pronouncement of the Missouri state courts on the relationship between the requirement of certification and the application of public policy in the Financial Responsibility Law.[6] Therefore, the Court will assume that the lack of certification is no bar to applying the public policy of Missouri established in Mo.Rev.Stat. § 303.190.2(2) of the Financial Responsibility Law.

Public Policy
"It is the public policy of [the State of Missouri] to assure financial remuneration for damages sustained through the negligent operation of motor vehicles on the public highways of [the] state." Dolphin, supra, 801 S.W.2d at 415 (citing Winterton v. Van Zandt, 351 S.W.2d 696, 700-701 (Mo. banc 1961)). The procurement and extent of automobile liability insurance coverage was voluntary, not mandatory, prior to the enactment of the Financial Responsibility Law. Ward, 789 S.W.2d at 795. Under the Financial Responsibility Law, a motorist must purchase a certain amount of liability coverage. Mo.Rev.Stat. § 303.190.2(2) sets forth the minimum coverage that an insured must obtain:
twenty-five thousand dollars because of bodily injury to or death of one person in any one accident, and, subject to said limit for one person, fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and ten thousand dollars because of injury to or destruction of property of others in any one accident.
Prior to the enactment of the Financial Responsibility Law passenger and household exclusions were not uncommon in insurance policies. The Dolphin court held, without explanation, that the Financial Responsibility Law requires an insured to obtain coverage for passengers, and that a policy provision excluding coverage for passengers is contrary to the public policy of the State of Missouri as expressed in Mo. Rev.Stat. § 303.190.2(2) of the Financial Responsibility Law. After reviewing Mr. Morse's insurance policy and the provisions of the Financial Responsibility Law, this Court distinguishes rather than follows the Dolphin court on its application of public policy.
There is an important distinction between the clause at issue in the instant matter and the clause at issue in Dolphin. In Dolphin the insureds were not given the option to purchase passenger coverage; passenger coverage was expressly excluded by the terms of the Dolphin policy. In the instant matter Mr. Morse was given the option to purchase passenger coverage. Mr. Morse elected not to pay the higher premium for passenger coverage and declined it. Therefore, unlike in Dolphin the issue before this Court is not whether a policy exclusion violates public policy. Instead, the Court must decide which party bears the liability  the insurer or the insured  for deficient coverage when the insured fails to purchase coverage mandated by the Financial Responsibility Law.
Mo.Rev.Stat. § 303.190.10 provides:
The requirements of a motor vehicle liability policy may be fulfilled by the policies of one or more insurance carriers which policies together meet such requirements.
Under Mo.Rev.Stat. § 303.190.10 the insured retains the option of purchasing the *300 mandated coverage through several insurers or through several policies from the same insurer. The effect of Mo.Rev.Stat. § 303.190.10 is to place the burden of liability for deficient coverage on the motorist, not the insurer. In the instant matter Mr. Morse could reject passenger coverage in Dairyland's policy and purchase it from another insurer. Even if the Financial Responsibility Law mandates coverage for motorcycle passengers, Dairyland cannot be held liable for Mr. Morse's failure to procure passenger coverage because the necessary coverage could have been purchased elsewhere.
The Court discerns an exception to the rule that the insured, and not the insurer, bears the liability for deficient coverage. The exception occurs when the policy at issue "purports to meet the [coverage] requirements of the Financial Responsibility Law."
In the instant matter the policy purchased by Mr. Morse did not contain language that purported to meet the coverage requirements of the Financial Responsibility Law. Mr. Morse's policy contained the following provision:
FINANCIAL RESPONSIBILITY LAWS
If you're required to show proof of financial responsibility for the future because of motorcycle accidents, traffic violations or other state motor vehicle requirements, we'll certify this policy as proof. When we certify this policy as proof, all the terms and conditions of this insurance will be amended to comply with the requirements of such law.
This provision does not purport to meet the requirements of the Financial Responsibility Law because it is based upon the condition that the policy was certified. Because the policy was never certified as proof of financial responsibility, this provision had no effect.
The following notice was included with Mr. Morse's policy:
MANDATORY AUTOMOBILE INSURANCE
The Missouri Legislature passed a law which requires all persons who operate a private passenger automobile or motorcycle in the State of Missouri to have liability insurance effective July 1, 1987 and thereafter. Failure to do so could result in the suspension of a person's driver's license for up to two years and a reinstatement fee up to $800.
WE SUGGEST YOU KEEP YOUR LIABILITY INSURANCE IN FORCE
This notice merely informs the insured of current Missouri law, but does not make any assurances that the coverage afforded by the policy is in conformance with the Financial Responsibility Law.
In sum, because an insured can meet the requirements of the Financial Responsibility Law by combining the policies of several different insurers, no one insurer can be held liable for a deficiency of coverage unless its policy states that it alone meets the requirements of the Financial Responsibility Law. Because Mr. Morse's policy did not contain language that "purports to meet the requirements of the Financial Responsibility Law", it was Mr. Morse's responsibility to purchase coverage in compliance with the Financial Responsibility Law.
For the foregoing reasons, the Court enters summary judgment in favor of plaintiff and against defendant on the merits of plaintiff's complaint.
NOTES
[1] Mo.Rev.Stat. § 303.190.2(2) provides, in relevant part:

Such owner's policy of liability insurance:
* * * * * *
Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles....
[2] Mo.Rev.Stat. § 303.190.1 provides, in relevant part:

A "motor vehicle liability policy" as said term is used in this chapter shall mean an owner's or an operator's policy of liability insurance, certified as provided in section 303.170 or section 303.180 as proof of financial responsibility....
[3] In Sullivan the court held that the public policy of the Safety Responsibility Law applied to an insurance policy regardless of certification if the insurance policy, by its express language, is issued to comply with the Safety Responsibility Law and the parties intended the same. Sullivan, 643 S.W.2d at 23.
[4] The Dolphin court stated:

[W]e are aware that Sullivan involved an omnibus clause and, in the present case, we are dealing with an exclusionary clause. The difference is not significant in our application of Sullivan....
Dolphin, supra, 801 S.W.2d at 416.
[5] The dispute in the instant matter also involves a passenger exclusion clause rather than an omnibus clause.
[6] The Missouri Supreme Court declined the opportunity to reverse Dolphin when it denied the application to transfer.