**Sherry K. BYERS, Appellant,**

v.

**SHELTER MUTUAL INSURANCE COMPANY, Respondent.**

**No. WD 68698.**

Missouri Court of Appeals, Western District.

Nov. 12, 2008.

Application for Transfer to Supreme Court Denied Dec. 23, 2008.

Robert G. Neds, Kansas City, MO, for appellant.

Bernard T. Schmitt, Kansas City, MO, for respondent.

RONALD R. HOLLIGER, Judge.

Sherry K. Byers (Byers) appeals a grant of summary judgment against her on her claim for uninsured motorist benefits when she was injured as a passenger in a vehicle operated by an insured of Shelter Mutual Insurance Company (Shelter). We affirm because the policy specifically does not provide uninsured motorist (UM) coverage to Byers because she was not an "insured" under the policy. The policy provision does not violate the public policy of the Motor Vehicle Safety Responsibility Law (MVSRL), section 303.010 et seq., RSMo 2000 or the Uninsured Motorist Statute, Section 379.203, RSMo 2000. *See Hines v.*

*Gov't Employees Ins. Co.*, 656 S.W.2d 262, 265 (Mo.banc 1983).

■ Byers concedes that she was not an "insured" provided with UM benefits under the language of the policy because, as a passenger who was not a "relative" or living in the named insured's home, she was not "using" the vehicle as the term "use" is defined in Shelter's policy. Byers further contends that Shelter is not permitted to redefine words such as "use" from their "ordinary meaning, so as to frustrate the public policy of this State." She argues that the term "use" was expressly litigated in *Francis–Newell v. Prudential Insurance Co. of America*, 841 S.W.2d 812 (Mo.App. S.D.1992). We agree that *Francis–Newell* held that a passenger was "using" the vehicle for the purpose of UM benefits. *Id.* at 815. The term "use" was not defined in the policy, and the court did not hold that any policy definition contrary to the common meaning would be void or unenforceable. *Id.* at 813–15. In fact, the court specifically discussed *Sears v. Grange Insurance Ass'n*, 111 Wash.2d 636, 762 P.2d 1141 (1988), *overruled* on other grounds by *Butzberger v. Foster*, 151 Wash.2d 396, 89 P.3d 689 (2004), where the court found that a passenger was using the vehicle. *Francis–Newell*, 841 S.W.2d at 815. The *Francis–Newell* court specifically observed that in *Sears*, as in the case before it, "[t]he word 'using' was not defined in the insurance policy." *Id.* at 815. The term "use" is defined in Shelter's policy, and *Francis–Newell* does not support Byers' argument.

Byers also relies upon *American Standard Insurance Co. of Wisconsin v. Dolphin*, 801 S.W.2d 413 (Mo.App. E.D.1990). There, American Standard denied *liability* coverage to a passenger injured by the negligence of the driver of the motorcycle on which she was riding. *Id.* at 414. This failure to provide coverage under the lia-bility portion of the policy violated the FMVRL. *Id.* at 416. We believe this case is distinguishable because we here deal with a UM claim governed by a different statute. That there are different policy considerations with respect to liability coverage and uninsured motorist coverage was recognized by *Francis–Newell*, 841 S.W.2d at 814.

Likewise, *Oberkramer v. Reliance Insurance Co.*, 650 S.W.2d 300 (Mo.App. E.D.1983), is of no avail. Oberkramer was standing outside his insured vehicle when killed by an uninsured motor vehicle. *Id.* at 301. Reliance attempted to argue that there was no UM coverage because Oberkramer was not occupying the vehicle. *Id.* at 302. The court found that provision in Reliance's policy violated section 379.203 because the statute requires coverage of users who are not occupiers. *Id.* The court's rationale was that Oberkramer was an insured under the liability policy and, therefore, was "equally protected by the uninsured motorist provision." *Id.*

Rather, we see this case governed by *Hines v. Government Employees Insurance Co.*, 656 S.W.2d 262 (Mo.banc 1983). Byers argues that the language that "[t]he law does not even require that policies provide uninsured motorist coverage for occupants" is dicta. *Id.* at 265. We disagree. Although not strictly necessary to the holding of the case because it involved stacking of separate UM coverage, that statement is strictly consistent with the reasoning in *Hines* that denied stacking of benefits to non-owners and non-insureds. That court held that it did not violate the policy in section 379.203. In fact, if the statement in *Hines* was not true, it would substantially undermine the logic and rationale underlying the specific holding of *Hines*.

■ Byers also suggests that *Hines* is more than twenty years old. Old law is

not necessarily bad law and, moreover, that argument is addressed to the wrong court. The scope and coverage of an insurance policy is in the first instance a matter of contract unless the legislature has limited the right of the parties to contract in some particular. This the legislature has not done with respect to a claim such as the one Ms. Byers has made under the terms of this insurance policy.

The judgment is affirmed.

JAMES M. SMART, JR., Presiding Judge, and THOMAS H. NEWTON, Judge, concur.